# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2527

_____

Arthur Wayne Brown

*Plaintiff - Appellant*

v.

Kansas City Live, LLC; Kansas City Live Entertainment Block 126, LLC;
Downtown Irish Pub, LLC, doing business as The Dubliner; First Response, Inc.;
Security Officer Rosenberger; Security Officer Springer; Mike Sosa

*Defendants-Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Western Division

_____

Submitted: April 16, 2019
Filed: July 25, 2019

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

The district court[1] dismissed Arthur Brown's lawsuit after concluding it was barred under the doctrine of res judicata. We affirm.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

# I. Background

Brown's lawsuit stems from events that occurred at the Power and Light District in Kansas City, Missouri. After purchasing a few drinks at an outdoor bar, Brown sought to enter the bar's associated restaurant to use the bathroom. When he came out, three men told him he was trespassing and needed to leave. Brown alleges the men cursed at him, using racial slurs, and pushed Brown out of the restaurant. Brown then walked directly to two nearby police officers and stated he wanted to file a complaint. The officers detained Brown at a security guard office and eventually let him go, after giving him a ticket for trespassing.

Brown then filed a claim in Missouri state court against Kansas City Live, LLC; Kansas City Live Entertainment Block 126, LLC; Downtown Irish Pub, LLC, doing business as The Dubliner; First Response, Inc., Security Officer Rosenberger; Security Officer Springer; and Mike Sosa (collectively "K.C. Live") for assault, battery, false imprisonment, negligence, and malicious prosecution. After Brown's attorney did not timely respond to discovery requests, did not respond to a motion to compel, and violated that court's order directing him to respond to the discovery request, the state court sanctioned Brown. After continued failure by Brown's attorney to provide responses and to comply with court orders, the state court dismissed the case with prejudice. Brown hired a new attorney and filed a motion to reconsider, which was denied.

Brown then filed this suit in federal court. The complaint alleged identical factual allegations, but sought relief under 42 U.S.C. § 1981. K.C. Live filed a joint motion to dismiss, which the district court granted after finding the claim was barred by res judicata in light of the state court's prior dismissal with prejudice. Brown filed a timely appeal.

## II. Analysis

"We review de novo the district court's grant of a motion to dismiss for failure to state a claim based on res judicata . . . [and] accept the plaintiff's factual allegations as true." *Schwartz v. Bogen*, 913 F.3d 777, 780–81 (8th Cir. 2019) (italics removed, alteration in original) (quoting *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011)). Res judicata operates so that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Motie*, 452 U.S. 394, 398 (1981). Federal courts are required "to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738).

As the judgment was issued by a Missouri court, Missouri res judicata law applies. *See Brown v. St. Louis Police Dept.*, 692 F.2d 393, 395–96 (8th Cir. 1982); *see also Laase,* 638 F.3d at 856 ("[T]he law of the forum that rendered the first judgment controls the res judicata analysis."). Under Missouri law "res judicata applies where (1) 'the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was the final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'" *Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006) (quoting *Biermann v. United States*, 67 F. Supp. 2d 1057, 1056 (E.D. Mo. 1999)). Res judicata bars relitigation from the same "operative facts giving rise to one or more bases for suing" and applies "to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at that time." *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. 2002) (en banc) (quoting *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991) (en banc)).

There is no real dispute that the first two elements of res judicata are met. The state court had jurisdiction. The state court's decision — which dismissed Brown's case with prejudice — was a final judgment. In Missouri, a dismissal with prejudice is considered a judgment "on the merits." *Greasel Conversion, Inc. v. Massa*, 399 S.W.3d 456, 461 (Mo. Ct. App. 2013); *see also* Mo. R. Civ. P. 67.01 (stating "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party"); *Williams v. Rape*, 990 S.W.2d 55, 61 (Mo. Ct. App. 1999); *Missouri ex rel. Willens v. Gray,* 757 S.W.2d 656, 658 (Mo. Ct. App. 1988).

As to the third element, there is no dispute that the parties are the same in both cases, but Brown does argue the present case arises from a different cause of action. We disagree. "Separate legal theories are not to be considered as separate claims, even if 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'" *King Gen. Contractors, Inc.*, 821 S.W.2d at 501 (quoting *Siesta Manor, Inc. v. Cmty Fed. Savs. & Loan Ass'n*, 716 S.W.2d 835, 839 (Mo. Ct. App. 1986)); *see also Chesterfield Village, Inc.*, 64 S.W.3d at 319–20 (stating courts look to the "factual bases for the claims, not the legal theories" and that "[c]laim preclusion prevents reassertion of the same claim even though additional or different evidence or legal theories might be advanced to support it").

Brown asserted in federal court the factual allegations verbatim from his state court complaint, which was dismissed with prejudice. Brown argues the § 1981 claim is a different cause of action from the state tort law claims because it has different elements. While Brown is correct that the two claims have different elements, for the purposes of res judicata "a court looks to the factual bases for the claims, not the legal theories." *Chesterfield Village, Inc.*, 64 S.W.3d at 319. No new facts were added to the federal claim and the allegations in both lawsuits arise from the same incident. "In order for a subsequent claim on the same transaction to be considered [a] separate [cause of action] . . . there must be new ultimate facts, as opposed to evidentiary

-4-

details, that form a new claim for relief." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. 2008) (en banc).

Brown has asserted the same cause of action against the same party in federal court that he did in the state court, which had jurisdiction and entered a final judgment. Therefore, this suit is barred by res judicata.

### III. Conclusion

For the reasons set forth herein, we affirm.

_____

-5-