# United States Court of Appeals

### For the Eighth Circuit
_____

No. 22-3025
_____

Emerald Pointe, LLC

*Plaintiff - Appellant*

v.

Taney County Missouri; Taney County Planning Commission; Taney County
Board of Adjustment

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: April 12, 2023
Filed: August 15, 2023
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

MELLOY, Circuit Judge.

Emerald Pointe filed this lawsuit under 42 U.S.C. § 1983 for damages incurred while a stop-work order was in place. The district court[1] dismissed the case after finding the suit barred by *res judicata*. Emerald Pointe appeals and we affirm.[2]

## I.

In 2008, Taney County, through its Planning Commission, issued Emerald Pointe a permit to develop a gated community with private roads. Emerald Pointe subsequently began construction of the project. In 2016, the Planning Commission issued a stop-work order, demanding Emerald Pointe comply with requirements for certain public improvements. Emerald Pointe appealed to the Taney County Board of Adjustment ("BOA"), arguing the requirements did not apply to the permit. The BOA denied the appeal, and Emerald Pointe filed suit against the Planning Commission and BOA in the Circuit Court of Taney County seeking judicial review of the stop-work order pursuant to Missouri Revised Statute § 64.870.[3] In the state suit, Emerald Pointe asked for a preliminary injunction, declaratory relief as to whether the order was illegal under Missouri state law, and declaratory relief as to whether the order violated the procedural and substantive due process clauses of the Missouri and U.S. Constitutions. The Circuit Court dismissed the suit for failure to

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

[2]Appellees' Motion to File Affidavit Re Statement Made at Mediation and Appellees' Motion to Take Judicial Notice are denied as moot.

[3]Mo. Rev. Stat. § 64.870.2 provides in part:

> "Any owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the board of adjustment or of the county commission, . . . may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of illegality and asking for relief therefrom. Upon the presentation of the petition the court shall allow a writ of certiorari directed to the board of adjustment or the county commission, . . . . The court may reverse or affirm or may modify the decision brought up for review."

state a claim, and Emerald Pointe appealed to the Missouri Court of Appeals. The Court of Appeals reversed, finding Emerald Pointe's petition met all the requirements for judicial review of the stop-work order. Emerald Pointe, LLC v. Taney Cnty. Plan. Comm'n, 578 S.W.3d 390, 398 (Mo. Ct. App. 2019) (Emerald Pointe 1).

On remand, the Circuit Court held a hearing and affirmed the Planning Commission's decision. Emerald Pointe appealed, and the Court of Appeals reversed and remanded the case to the Circuit Court with directions that the Circuit Court remand to the BOA to grant Emerald Pointe's appeal of the stop-work order. Emerald Pointe, LLC v. Taney Cnty. Plan. Comm'n, 621 S.W.3d 188, 196 (Mo. Ct. App. 2021) (Emerald Pointe 2). The Circuit Court entered an order on May 20, 2021, remanding the case to the Board. Emerald Pointe asserts the stop-work order was vacated the day the Circuit Court entered its order.

Nearly nine months after the Circuit Court entered its order, Emerald Pointe filed a motion in the Circuit Court to amend the complaint to include Taney County as a party and to seek damages under 42 U.S.C. § 1983. The Circuit Court denied the motion to amend, finding it lacked jurisdiction because the May 2021 order was final. Emerald Pointe appealed once again, and on the third appeal, the Court of Appeals affirmed, finding the May 2021 order was final and the motion to amend was untimely. Emerald Pointe, LLC v. Taney Cnty. Plan. Comm'n, 660 S.W.3d 482, 488–89 (Mo. Ct. App. 2023) (Emerald Pointe 3).

After the Court of Appeals decided Emerald Pointe 2, but before Emerald Pointe filed the motion to amend its state court complaint, Emerald Pointe filed this case in federal district court against the County, Planning Commission, and BOA seeking damages under 42 U.S.C. § 1983 for costs incurred while the stop-work order was in place. After filing their answer in this federal case, defendants filed a motion for summary judgment based on *res judicata*. Defendants also filed a motion

for leave to amend their answer to include *res judicata* and a motion to dismiss pursuant to the Colorado River Doctrine.[4]

At the district court, Emerald Pointe argued against summary judgment for two reasons: (1) *res judicata* was waived when not pleaded in the answer, and (2) *res judicata* did not apply to the facts of this case. The district court rejected both arguments, granted the motion for summary judgment based on *res judicata*, and denied as moot the motion to amend and the motion to dismiss pursuant to the Colorado River Doctrine.

## II.

"We review de novo a district court's grant of summary judgment. Reviewing 'the record in the light most favorable to the nonmoving party,' we will affirm the grant of summary judgment 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Lieffort v. Dakota, Minnesota & Eastern R.R. Co., 702 F.3d 1055, 1057–58 (8th Cir. 2013) (citations omitted).

## A.

Emerald Pointe argues *res judicata* was waived because defendants did not plead *res judicata* in their answer. We disagree. Because *res judicata* is an affirmative defense, a party asserting *res judicata* must generally do so in the answer. See Fed. R. Civ. Pro. 8(c). However, this court has held "[a]s long as 'an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise,

---

[4]Defendants argued the federal court should decline to exercise jurisdiction due to the ongoing state case. Generally, "[f]ederal courts . . . have a virtually unflagging . . . obligation to exercise the jurisdiction given to them, even when there is a pending state court action involving the same subject matter." Cottrell v. Duke, 737 F.3d 1238, 1244 (8th Cir. 2013). However, "[i]n Colorado River Water Conservation District v. United States, the United States Supreme Court held that exceptional circumstances may permit a federal court to refrain from hearing a case and instead defer to a concurrent, parallel state-court proceeding." Id. at 1240.

technical failure to comply with Rule 8(c) is not fatal.'" Crutcher v. MultiPlan, Inc., 22 F.4th 756, 766 (8th Cir. 2022) (citation omitted). Emerald Pointe argues the delay in filing the motion resulted in unfair surprise because the motion was filed on the last day of discovery. Emerald Pointe, however, requested neither additional discovery nor additional time to respond to the motion for summary judgment. The record contained all relevant information about the state court proceedings. We conclude the timing of the filing did not result in an "unfair surprise."

Further, addressing the merits of *res judicata* in this case is in line with the purpose of *res judicata*. A court may dismiss a case based on *res judicata sua sponte* because such a "result is fully consistent with the policies underlying *res judicata*: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." Arizona v. California, 530 U.S. 392, 412 (2000) (citation omitted). Addressing the merits of *res judicata* in this case helps avoid judicial waste.

B.

Emerald Pointe argues even if *res judicata* was not waived it does not apply to this case. We disagree. We apply Missouri *res judicata* law because the final judgment was issued by a Missouri court. Brown v. Kansas City Live, LLC, 931 F.3d 712, 714 (8th Cir. 2019). Under Missouri law, "[r]es judicata bars relitigation of a claim adjudicated and 'every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.'" LaBlance v. Director of Revenue, 658 S.W. 3d 505, 508–09 (Mo. 2022) (en banc) (citation omitted). Additionally, Missouri requires four identities be met before *res judicata* can apply: "1) [I]dentity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made." LaBlance, 658 S.W. 3d at 509 (citation omitted). Emerald Pointe argues: (1) the § 1983 claim could not have been brought in the state court case and (2) the "thing sued for" and "cause of action" identities are not met.

Emerald Pointe could have brought the § 1983 claim in the state court case. Emerald Pointe argues a § 1983 claim could not have been added to the request for judicial review of the stop-work order under Missouri Revised Statute § 64.870. Section 64.870 is the exclusive remedy for challenging the issuance of a stop-work order. However, nothing precludes a plaintiff from adding an additional claim to the state court case for judicial review. See Mo. Sup. Ct. R. 55.06(a) ("A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims, as many claims, legal or equitable, as the party has against an opposing party."). A Missouri Circuit Court is a court of general jurisdiction. See Mo. Rev. Stat. § 478.070. We find Missouri law permits Emerald Pointe to add a § 1983 claim to the case for judicial review of the order.

In this regard, Emerald Pointe argues a Missouri Supreme Court case, Gash v. Lafayette Cnty., 245 S.W.3d 229 (Mo. 2008) (en banc), precludes courts hearing requests for judicial review under § 64.870 from hearing other related claims for relief. In Gash, the Missouri Supreme Court held the Circuit Court could not issue a declaratory judgment on the legality of a zoning order because Missouri law specifies legal challenges to such zoning orders should be through "a writ of certiorari directed to the board of adjustment or the county commission[.]" Id. at 232 (citation omitted). The decision in Gash is limited to the Circuit Court's ability to issue a declaratory judgment about the legality of a zoning order and does not speak to the Circuit Court's general jurisdiction to hear separate claims for other remedies.

Next, Emerald Pointe argues that two of the four identities required for *res judicata* are not met. No party argues identity of "person and parties to the action" or "quality of the person for or against whom the claim is made" is lacking. Rather, Emerald Pointe argues identity of "things sued for" and identity of "cause of action" are missing.

We find the identity of "things sued for" is met. The Missouri Supreme Court "has alternatively articulated identity of 'the thing sued for' as identity of the 'subject

matter of the suit.'" <u>LaBlance</u>, 658 S.W. 3d at 509 (citation omitted). While the Missouri Supreme Court has not clearly defined the "thing sued for" in the context of the four identities, it has held that the definition of "the 'thing'—the claim or cause of action—that has previously been litigated . . . centers on 'facts' that form or could form the basis of the previous adjudication." <u>Chesterfield Vill., Inc. v. City of Chesterfield</u>, 64 S.W.3d 315, 318 (Mo. 2002) (en banc) (citations omitted). Emerald Pointe argues that the subject matter of the state court case was the writ action to have the stop-work order declared illegal, unconstitutional, and void while the subject matter of the federal case is financial relief under § 1983.

The distinction drawn by Emerald Pointe is not a distinction of subject matter. The "thing sued for," or the subject matter, of both cases included a finding that the stop-work order was unconstitutional. Emerald Pointe argued the stop-work order was unconstitutional in both the state case and in this federal case. Missouri law does not require the first court to have addressed the merits of the claim. Instead, *res judicata* "applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. <u>King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints</u>, 821 S.W.2d 495, 501 (Mo. 1991) (en banc). Accordingly, we conclude the "thing sued for" in both cases included a finding that the stop-work order violated the U.S. constitution.

We also find identity of the "cause of action" is met. Under Missouri law, a "cause of action" is "a group of operative facts giving rise to one or more bases for suing[.]" <u>Chesterfield Vill., Inc.</u>, 64 S.W.3d at 318 (citations omitted). Emerald Pointe argues the "cause of action" identity is not met for two reasons.

First, Emerald Pointe argues the claims in the state and federal cases have different elements. This distinction does not show there are different "causes of action" in the two cases. Under Missouri law, "[s]eparate legal theories are not to be

-7-

considered as separate claims, even if 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'" <u>King Gen. Contractors Inc.</u>, 821 S.W. 2d at 501 (citation omitted).

Second, Emerald Pointe argues the "cause of action" identity is not met because the facts are different in the state and federal cases. Specifically, Emerald Pointe argues the federal case has more facts detailing alleged damages that were unknown when the state case was filed. Emerald Pointe's argument in this regard is inconsistent with a Missouri Supreme Court opinion which held the fact that a plaintiff did not know specifics of damages when the first suit was filed "is of little importance[]" to the *res judicata* determination. <u>Chesterfield Vill., Inc.</u>, 64 S.W.3d at 320. The Missouri Supreme Court has instead held "[a]n injured party . . . can assert a claim for damages even though the party may not know precisely the nature and extent of the injury." <u>Id.</u> Accordingly, we conclude the "cause of action" in both cases is the same: a challenge to the issuance of the stop-work order.

## III.

We affirm the district court's grant of summary judgment based on *res judicata* and the denial of the other two motions as moot.

_____