# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2850

———————————————

Evanston Insurance Company

*Plaintiff - Appellant*

v.

Nooter, LLC, formerly known as Nooter Corporation; Nooter Construction Company, LLC, formerly known as Nooter Construction Company

*Defendants - Appellees*

—————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

—————————

Submitted: November 21, 2024
Filed: February 24, 2025

—————————

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

—————————

ERICKSON, Circuit Judge.

Evanston Insurance Company issued annual commercial umbrella liability policies to Nooter, LLC, for the periods of July 1, 1981, through July 1, 1985.[1]

---

[1]Nooter, LLC includes its predecessor businesses, including Nooter Corporation, Nooter Construction Company, LLC, and Nooter Construction Company.

Evanston commenced this action in the Eastern District of Missouri seeking a declaration that it no longer has a duty to defend or indemnify Nooter in underlying state court asbestos-related personal injury litigation. Because the relief Evanston seeks arises from the same contracts and transactions involved in the underlying state court litigation, Missouri's prohibition on claim splitting applies. The district court[2] did not err when it determined claim preclusion bars this federal court action.

## I.    BACKGROUND

Nooter has been in the business of designing, installing, and distributing pressure vessels for refineries and chemical plants for over 100 years. Beginning in 2010 and for several years thereafter, Nooter and Evanston (and other insurers) litigated insurance coverage issues in state court relating to bodily injury caused by exposure to asbestos-containing products or operations. Ultimately, it was determined that Evanston has a duty to defend Nooter, including the payment of defense costs, and a duty to indemnify Nooter against claims alleging bodily injury caused by asbestos exposure. Nooter began submitting claims to Evanston in July 2014. Other issues in the coverage action proceeded to trial. In October 2017, the Missouri Court of Appeals affirmed the jury's verdict against Evanston on Nooter's breach of contract and vexatious refusal to pay claims. Nooter Corp. v. Allianz Underwriters Ins. Co., 536 S.W.3d 251 (Mo. Ct. App. 2017).

The four umbrella policies Evanston issued to Nooter that are the subject of this litigation, and the underlying litigation, have a combined aggregate limit of liability of $60 million. Evanston alleges in this action, that as of December 29, 2022, its policy limits were exhausted when it tendered the remaining available limits to Nooter. Evanston, believing it has satisfied its obligations under the policies, moved to file an amended complaint to detail the amounts paid to Nooter

---

[2]The Honorable John A. Ross, District Judge for the Eastern District of Missouri.

and to deposit the remaining liability limit with the court and, in turn, obtain a declaration that it has no further obligation to defend or indemnify Nooter.

Three weeks after Evanston filed this action, Nooter filed a motion for contempt in state court. On February 29, 2024, the court[3] ruled on the motion, finding (1) contempt was unwarranted as Evanston had paid all amounts requested by Nooter, and (2) the motion was an improper request for a ruling on anticipatory breach. The court noted that it did not accept Evanston's position that tender of the policy limits could fulfill the duty to defend and further stated that "this certainly would violate the history and law of this case."

Meanwhile, while the contempt motion was pending, Nooter moved to dismiss Evanston's complaint in this action, asserting Evanston's opportunity to litigate in federal court ceased 13 years ago when the parties reached a stipulation to remand the case to state court. The district court found that Evanston's indemnity and defense obligations have already been decided by the Missouri courts, and claim preclusion prevented it from exercising jurisdiction over claims arising out of the insurance coverage dispute. The court granted Nooter's motion to dismiss, denied as futile Evanston's motion for leave to file an amended complaint, and denied as moot Evanston's motion to deposit funds. Evanston appeals the adverse rulings.

## II.  DISCUSSION

We review *de novo* a district court's decision to dismiss a case for failure to state a claim based on claim preclusion. Brown v. Kansas City Live, LLC, 931 F.3d 712, 714 (8th Cir. 2019). Missouri law governs our analysis. See id.

Under Missouri law, claim preclusion prohibits a party from bringing, in a subsequent lawsuit, a claim that should have been brought in the first action.

---

[3]The state court order is the subject of a pending motion to take judicial notice in this appeal, which we grant.

Kesterson v. State Farm Fire & Cas. Co., 242 N.W.3d 712, 715 (Mo. 2008) (en banc). A claim is defined as "the aggregate of operative facts giving rise to a right enforceable by a court." Chesterfield Village, Inc. v. City of Chesterfield, 64 S.W.3d 315, 318 (Mo. 2002) (en banc) (citation omitted). Evanston contends claim preclusion is inapplicable in this case because the claims it seeks to have adjudicated are distinct from the state court litigation and are claims that could not have been asserted in the underlying litigation. While the parties disagree on when Evanston could, or should, have asserted these claims, Evanston cannot get around Missouri's prohibition on claim splitting.

Improper claim splitting occurs when a party asserts a claim that "arises out of the same 'act, contract or transaction' as the previously litigated claims." Kesterson, 242 N.W.3d at 716 (quoting King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. 2002) (en banc)). If a claim arises out of the same "act, contract or transaction," it is barred under the doctrine of claim preclusion. Id. (citing Chesterfield Village, Inc., 64 S.W.3d at 319). This rule serves to both "prevent a multiplicity of suits and appeals with respect to a single cause of action" and "implement[] a public and judicial policy applied by federal and state courts to foster the efficient and economic administration of the judicial system by forestalling an undue clogging of the courts." Bagsby v. Gehres, 139 S.W.3d 611, 615 (Mo. Ct App. 2004).

In this action, Evanston seeks a declaration that it has fulfilled its contractual obligations under the policies issued to Nooter. The nature and fulfillment of Evanston's obligations to Nooter have been the subject of litigation pending in the Missouri courts for years. Further, Missouri courts have broadly defined the term "transaction" to include "all the facts and circumstances out of which an injury arose." Id. (citation omitted). When a claim arises from the same underlying transaction, as here, it cannot be pursued in a separate lawsuit. See Kesterson, 242 S.W.3d at 716-17 (concluding that although the evidentiary details necessary to prevail on the plaintiff's phantom vehicle claim are different than those necessary to prevail on the uninsured motorist claim, the claims arose out of the same car accident

and thus the doctrine of claim splitting applies absent the trial court's express authorization to split the claims); HFC Invs., LLC v. Valley View State Bank, 361 S.W.3d 450, 457 (Mo. Ct. App. 2012) (determining claim splitting doctrine applied when transaction at issue was an agreement and associated deeds, even though certain claims sought to invalidate the agreement and deeds and others sought damages for an alleged breach of the agreement).

Even if a claim being pursued is a different cause of action with different elements, for the purposes of claim preclusion, courts are directed to look at the factual bases for the claims, not the legal theories. Chesterfield Village, Inc., 64 S.W.3d at 319. And while Evanston asserts claim preclusion rules do not apply in declaratory judgment actions, they have been applied by the Missouri Supreme Court when declaratory judgments have been involved. See id. at 320-21 (finding a party who successfully sued for declaratory and injunctive relief could not bring a second action for damages because any claim for damages merged into the first judgment and is precluded); U.S. Fid. & Guar. Co. v. Com. Union Ins. Co., 943 S.W.2d 640, 642 (Mo. 1997) (en banc) (explaining that a petition asserting a claim for contribution following the resolution of the declaratory judgment action was barred by claim preclusion because it asked for the rights of the same parties to be adjudged again as to the same two insurance policies).

Evanston is barred by the doctrine of claim preclusion from seeking a federal court declaration as to its obligations under the policies it issued to Nooter. Our decision, however, does not impact Evanston's ability to pursue declaratory relief in the underlying state court litigation. Further, we affirm the district court's denial of Evanston's motion to amend the complaint on the basis that amendment would be futile and the motion to deposit money with the court is moot.

## III.   CONCLUSION

We affirm the district court's judgment but note that dismissal of the complaint in this action is without prejudice as to Evanston's ability to pursue the requested relief in state court.

———————————————